United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY POLNOFF, | No. C 10-01200 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| RANDY TEWS, Warden, | |
| Respondent. | |

Petitioner, a federal prisoner incarcerated at Santa Rita Jail in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming foremost that the Federal Board of Prisons ("BOP") had failed to place her appropriately in accordance with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008).[1]  For the reasons set forth below, the petition is DISMISSED.

**BACKGROUND**

In November 2009, the BOP evaluated Petitioner for classification and

---

[1] The matter was reassigned to this Court on April 25, 2011.  (See Docket No. 12.)

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.10\Polnoff01200_dism-reeb.wpd

designation to determine at which BOP facility she should serve her sentence. (L. Rodriguez Decl. at 2.) The BOP considered information from the courts and the U.S. Marshals, and other information as required by the Inmate Security Designation and Custody Classification, Program Statement 5100.08, which sets forth the procedures to classify and designate inmates pursuant to and consistent with 18 U.S.C. §3621(b). (Id.)

After considering the relevant information, the BOP assigned Petitioner to the female minimum security satellite camp prison at Dublin, California ("SCP Dublin"), which is part of the Federal Correctional Institution at Dublin, California ("FCI-Dublin"). (Id.) In November 2009, Petitioner began serving her 36-month sentence for mail fraud and aiding and abetting at SCP Dublin. Id.

Randy Tews, the current warden at FCI-Dublin, has been substituted in as the respondent in place of the former warden, Paul Copenhaver. See Fed. R. Civ. P. 25(d).

## DISCUSSION

A.  Standard of Review

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). A habeas petition is the proper venue to challenge the validity of an Residential Re-entry Center ("RRC") placement decision. See, e.g., Rodriguez, 541 F.3d 1180 (affirming grant of habeas relief on challenge to BOP's failure to transfer petitioner to an RRC).

B.  Applicable Law

Federal courts lack jurisdiction to review "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621, 3624. Reeb v. Thomas, 636 F.3d 1224,

1227 (9th Cir. 2011) ("The plain language of [18 U.S.C. § 3625] specifies that the judicial review provisions of the [Administrative Procedure Act], 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624."). But federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. Id. But see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights).

C.  Petitioner's Claims

Petitioner argues that the BOP failed to place her appropriately in accordance with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to Rodriguez, 541 F.3d 1180. Petitioner specifically seeks release to home confinement. Petitioner also claims that she was improperly denied participation in the prison's Residential Drug Abuse Treatment Program ("RDAP"). Lastly, Petitioner claims that conditions at SCP Dublin violate the Eighth Amendment. Petitioner does not allege that the BOP's action in assigning her to the Federal Prison Camp was contrary to established federal law, violated the United States Constitution, or exceeded its statutory authority. Instead, she argues that proper consideration of the statutory criteria set forth in Section 3621(b) requires the BOP to release her to home confinement.

Petitioner was evaluated for classification and designation by the BOP in November 2009. In assigning Petitioner to SCP Dublin, the BOP considered all of the statutory factors at 18 U.S.C. § 3621(b) and the other information required by the BOP's classification, designation and redesignation procedures, which are consistent with the statutory authority contained in Section 3621(b). Furthermore, the BOP's decision regarding Petitioner's RDAP ineligibility was also authorized under § 3621(e)(5)(B)(I), which specifically states that an eligible prisoner means one who is "determined by the Bureau of Prisons to have a substance abuse problem."

Pursuant to 18 U.S.C. § 3625, this Court lacks jurisdiction to review the BOP placement decisions made pursuant to 18 U.S.C. § 3621(b). Reeb, 636 F.2d at 1226. Therefore, Petitioner's habeas petition is DISMISSED.

Petitioner's claim that the conditions at SCP Dublin violate the Eighth Amendment must be dismissed because these claims are not cognizable in a habeas petition. See Badea v. Cox, 931 F.2d 573 (9th Cir. 1991) ("A civil rights action [brought pursuant to 42 U.S.C. § 1983]. . . is the proper method of challenging 'conditions of ... confinement.'") (citing Presier v. Rodriguez, 411 U.S. 475, 499 (1973)). Should Petitioner elect to pursue these claims, she must do so by filing a civil rights complaint under 42 U.S.C. § 1983, after exhausting administrative remedies.

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is DISMISSED for lack of jurisdiction.

The Clerk shall terminate any pending motions and close the file.

DATED: 2/16/2012



EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.10\Polnoff01200_dism-reeb.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AMY POLNOFF,

        Petitioner,

  v.

RANDY TEWS, Warden,

        Respondent.

                                                                                                        Case Number: CV10-01200 EJD

                                                                                  **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/16/2012  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amy Polnoff #15870-097
FEDERAL DETENTION CENTER-CAMP PARKS
5675 8th Street
Dublin, CA 94568

Dated:   2/16/2012

                                                        Richard W. Wieking, Clerk
                                                    /s/ By: Elizabeth Garcia, Deputy Clerk